## Lyddane, et al. v. Lyddane, et al.

(Decided June 8, 1911.)

Appeal from Daviess Circuit Court.

Decedents' Estates—Indebtedness of—Authority to Borrow Money Sufficient to Pay Debts—In an action by a trustee of a decedent's estate asking authority of the chancellor to borrow money to pay off the indebtedness of the estate, evidence examined and held the plan is to the advantage of the estate, and the trustee is given opportunity to pay off same and avoid a sale of the farm, and the judgment of the chancellor so directing was proper.

SAM SANSBURY for appellants.

LAVEGA CLEMENTS for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In 1906 Joe Lyddane died, a resident of Daviess County, Kentucky. By his last will, which was duly probated, he devised all of his property to his widow Anna Lyddane, in trust for the benefit of herself and children, to be managed by her as she might think best until his youngest child attained the age of twenty years, at which time, if a majority of his heirs consented, the estate might be divided. He left surviving him eight children. His wife qualified under the will as executrix and trustee, and his son Stuart qualified as guardian for such of the children as were under age.

At the time of his death he owned a tract of land about a mile and a half west of the city of Owensboro, containing 204 acres, upon which he lived. He had not finished paying for this land, and owed other debts besides, and was surety upon certain obligations which his estate will have to pay. His wife and eldest son, Stuart, managed the farm as best they could, and have succeeded in materially reducing the indebtedness against the estate; but there still remains an indebtedness of about $9,500 unpaid. The creditors are demanding that these debts be paid or they will institute a suit to settle the estate.

With affairs in this condition, the widow, as trustee, brought this suit in the Daviess Circuit Court, in which she sought authority, as trustee, to borrow a sum of money sufficient to pay off and satisfy said indebtedness

and pledge the estate therefor. Such of the children as were of age joined with her in this suit, and those under age were made defendants. Through the statutory guardian they answered, joining in the prayer of the petition, and further represented that the land, which was worth about $35,000, was, because of its proximity to the City of Owensboro, annually becoming more valuable, and that to sell it at this time would mean a sacrifice to the estate. Upon this showing the Chancellor authorized and empowered the trustee to borrow a sum of money sufficient to pay off the indebtedness and pledge the estate therefor. To test the correctness of this judgment the guardian appeals.

The indebtedness is a part of that which was owing by the decedent at the time of his death. More than $5,000 of it represents the balance of the purchase money due upon the farm, and is a lien upon it. The entire estate is subject to the payment of these debts. It is shown that the executrix and her children have so managed the farm since the death of her husband as to materially reduce the indebtedness against the estate, and they allege that, if the indebtedness is so arranged as to give them time, they will be enabled to pay it all without having to sell any portion of the land. The effect of granting the loan is really but to postpone the time of payment of the debts owing by the estate. It is manifest that it is to the best interest of the estate to do so. The testator directed that the settlement and distribution of his estate be postponed until his youngest child reached the age of twenty years, and it is the duty of the executrix and trustee, if possible, to so manage the estate as to comply with this provision of the will. It is manifest that it can be done only by securing an extension of the time within which to pay the debts. This is provided for by uniting them in a single obligation to be paid in the future. By this plan the indebtedness of the estate is in no wise increased, but the trustee is given an opportunity to pay same and avoid a sale of the farm. In our opinion this is to the advantage of the estate, and the judgment of the Chancellor in so directing is affirmed.